SMALL, trustee, *et al. v.* GA. SO. & FLA. RAILROAD CO.

1. In condemnation proceedings to subject trust property to public use in the exercise of the right of eminent domain, the trustee is the proper party to represent the trust estate, and it is not necessary that the beneficiaries should be parties to the proceeding.
2. Under the charter of the Ga. So. & Fla. Railroad Co. and the amendments thereto, including the act of 1888, the company may condemn private property in the city of Macon for depot grounds and other necessary terminal facilities.
3. There was no error committed by the court on the trial, and the verdict was warranted by the evidence under the law.
July 13, 1891.    *Judgment affirmed.*

Eminent domain.    Trusts.    Parties.    Railroads. Verdict.    Before Judge MILLER.    Bibb superior court. April term, 1890.

The railroad company began proceedings to condemn certain property of Small as trustee for his wife and

their children, and of Mrs. Small individually, in the city of Macon. Pending this proceeding the trustee and Mrs. Small brought their petition against the railroad company for injunction, etc., alleging that the proceeding by the railroad company to condemn the property before a jury of six freeholders, as it alleged it had a right to do under its charter, was without authority of law; that the property was a trust estate, and there was no power under defendant's charter to condemn trust property, nor could such property be sold or in any way disposed of except by an order from the judge of the superior court on good cause shown for a change of investment, which did not exist in this case; that this was not an effort on the part of the company to run a track across the property, or to assess damages to procure a right of way, but was a proceeding to absolutely take away the entire property of minor children without making any payment for it; and that the railroad company had no authority to condemn private property for depots, shops and terminal facilities, which was its avowed purpose in taking this property. Upon a hearing for a temporary injunction on this petition, it was ordered that the writ of injunction issue restraining defendant from taking the property, or in any manner invading or damaging it, until the questions in litigation between the parties could be finally determined in the superior court, based upon the proceeding to condemn the property, provided either party should appeal to the superior court, and on the trial of said appeal complainant should not be prejudiced by this judgment from setting up all the defences set up in the bill, or any other to defeat defendant in the effort to condemn the land. Upon the hearing of the condemnation proceeding, the jury found the value of the property to be $6,500, and that the property was necessary for the terminal facilities of the railroad company. Complain-

ants entered an appeal to the superior court, where the
two proceedings were consolidated and tried together,
resulting in a verdict that the property was necessary
for terminal facilities for the railroad company, and that
the value of the land was $9,000. The motion for new
trial made by Small, trustee, *et al.* was overruled, and
they excepted.

In addition to the grounds that the verdict was con-
trary to law, evidence, etc., it was alleged that the court
erred in allowing the jury to estimate the value of the
property, because under the law the property was not
subject to condemnation, there being no provision in
the charter of the corporation to condemn property so
as to absolutely take it from the owners; and that the
court erred in allowing the jury to so estimate the value,
because the property, being trust property, was not sub-
ject to condemnation.

The court charged: "The case arises in this way:
The railroad company claims that a certain piece of
land lying on 5th street, and described fully in the
pleadings and testimony, is necessary to them for the
purpose of terminal facilities with their property in that
locality. Under their charter they have a right, by
certain proceedings provided for in the charter, in case
they cannot agree with parties upon the price of the
property, to condemn it, and they and Small, trustee,
not having agreed upon the price in this case, the rail-
road company has instituted proceedings under their
charter to condemn this property owned by the trustee."
This charge was assigned as error, because the case was
really a trial of the bill filed by Small, trustee, to re-
strain the railroad company from condemning the land,
and because a judgment had been passed on said appli-
cation for injunction, as above stated, which judgment
had never been appealed from and was the law of the
case; and this charge eliminated all the questions in the
case made under the bill.

The court further charged: "There are two questions in this case for you to pass upon: the first is, is this property necessary for the business of the railroad company in establishing its terminal facilities in that locality; and the next is, what is the present value of the property?" It was insisted that the error in this charge was, that it eliminated all the issues made by the bill and practically disposed of the case as though no bill had ever been filed and there was simply an ordinary condemnation proceeding on trial and nothing more.

For the charter of the railroad company see Acts 1880–81, p. 277; Acts 1884–85, p. 263; Acts 1887, p. 150; Acts 1888, p. 139.

R. W. PATTERSON and R. HODGES, for plaintiffs.

GUSTIN, GUERRY & HALL and DESSAU & BARTLETT, for defendant.